CALLAHAN, Circuit Judge,
concurring:
I concur in the majority’s result, affirming Ritchie’s conviction and sentence. In my view, it is unnecessary for us to comment in this Speedy Trial Act case on the obligations of custodial institutions charged with complying with 18 U.S.C. § 4247(b)’s time limitations, for two reasons.
*689 First, § 4247(b) does not affect decisions under the Speedy Trial Act. See United States v. Daychild, 357 F.3d 1082, 1094 (9th Cir.2004). Second, it is true that § 4247(b) prescribes that a defendant shall be held for not more than forty-five days in determining his mental competency to stand trial. See also 18 U.S.C. § 4241. Ritchie arrived at the evaluation center on May 4, 2006, and the Bureau of Prisons (“BOP”) issued its Forensic Evaluation report on Ritchie on September 16, 2006.[1] However, the BOP report is clear that Ritchie malingered throughout the testing period, necessitating additional testing and leading evaluators to conclude:
The possibility of malingering (i.e., feigning the presence of psychological symptoms, motivated by external incentives, such as evading criminal prosecution) is strongly suspected. Based on the available evidence, it is believed that Mr. Ritchie’s deficits appear to be purposeful in nature and do not seem to reflect the presence of a genuine mental illness or severe cognitive disturbance.
The district court concluded that “the government did not cause the speedy trial violation” and “Defendant caused much of the delay by his failure to cooperate with the psychological examiners during the competency evaluation period.”
Given Ritchie’s significant role in the delay, it is unnecessary for the court to comment in this case on the statutory obligations of custodial institutions. In my view, there is no evidence that the custodial institution was unaware of or disregarded its statutory obligations. This dicta should not be cited to future panels as authority construing 18 U.S.C. § 4247(b).

. The BOP report indicated that submission of the report was further delayed to allow defense counsel and the Social Security Administration Office to locate and submit psychological treatment records; the records were never submitted. The BOP also acknowledged that it sought an extension of time due to the high volume of cases at the evaluation facility.